PARK & TILFORD v. REALTY ADVERTISING & SUPPLY CO.

(Supreme Court, Appellate Division, First Department.   December 31, 1913.)

1. ACTION (§ 38*)—SEPARATE CAUSES OF ACTION—SEPARATE STATEMENT AND NUMBER.

A complaint alleged that on February 24th defendant represented to plaintiff that it was about to erect an electric flash-light sign, and made other representations which were false to defendants' knowledge and for the sole purpose of cheating, defrauding, and inducing plaintiff to purchase an advertising flash display upon such sign, by which plaintiff was induced to enter into a contract to pay defendant a specified sum for one flash display, that on April 3d defendant, restating and reiterating such false and fraudulent representations, made additional representations to induce plaintiff to enter into a further additional and subsidiary contract to pay defendant an additional sum for an additional flash-light display, and contained similar allegations as to two subsequent contracts for additional displays all on the same sign. It further alleged that the sign did not comply with the representations and asked that the four contracts be declared void. *Held*, that the complaint stated only one cause and not four causes of action, and the court erred in requiring plaintiff to state separately and number a cause of action as to each contract, since the basis of the action was one continuing misrepresentation of material facts, and, while additional representations were made to induce the last three contracts, they were all so connected together that the question whether one was void would require proof as to all the representations, especially as the court could not grant the proper relief if four separate actions were commenced, and hence there could not be four causes of action.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 549, 565; Dec. Dig. § 38.*]

2. PLEADING (§ 364*)—COMPLAINT—STRIKING OUT MATTER—MATERIALITY OF ALLEGATIONS.

In an action to have declared void, because of false representations, contracts for the display of advertisements on an electric flash-light sign, allegations defining a flash-light sign were improperly stricken, as they showed what defendant undertook to furnish.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162; Dec. Dig. § 364.*]

Scott and Dowling, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Park & Tilford against the Realty Advertising & Supply Company. From an order requiring plaintiff to separately number and state in its complaint four causes of action, and also striking out certain portions of the complaint, plaintiff appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Charles O. Maas, of New York City, for appellant.

James P. Callendar, of New York City, for respondent.

INGRAHAM, P. J. [1] The relief demanded in the complaint is that the four contracts thereinbefore described, entered into between the plaintiff and the defendant, be set aside, rescinded, and declared and adjudged to be void and fraudulent and not in any wise binding or effective upon the plaintiff.

The complaint alleges that on or about February 24, 1913, the defendant, through its representative and agent, represented and stated to the plaintiff that the defendant was about to erect an electric sign on the building located at Broadway, Seventh avenue, and 47th street, New York City, of the character and description known as a flash-light sign, and made certain other representations to induce the plaintiff to make a contract with the defendant; that each and every of the statements and representations made by the defendant were false and known by the defendant to be false at the time they were made, and were made for the sole purpose of cheating and defrauding and inducing the plaintiff to enter into a contract with the defendant to purchase an advertising flash display upon said sign so to be erected, and induced the plaintiff to enter into a contract on said 24th day of February, 1913, under the terms of which the plaintiff agreed to pay to the defendant the sum of $1,200 annually for one flash display of its advertising matter for a period of two years. It is then alleged that thereafter and on or about the 3d of April, 1913, and before said sign was completed, the defendant through its agent, restating and reiterating the aforesaid false and fraudulent representations, made additional representations to induce the plaintiff to enter into a further additional and subsidiary contract in writing, under which the plaintiff agreed to pay to the defendant the sum of $600 for an additional flash-light display; that thereupon and on or about the 5th of May, 1913, before said sign was completed, the defendant through its agent aforesaid, restating and reiterating the aforesaid fraudulent representations, made further false and fraudulent representations to the plaintiff and induced the plaintiff to enter into a still further contract in relation to this same advertising apparatus, by which the plaintiff agreed to pay to the defendant an additional sum of $1,200 in monthly installments for two additional flash display advertisements upon the said sign for a period of two years, such installments to begin with the completion of the said sign; that thereupon and on or about the 9th day of May, 1913, the defendant through its agent, restating and reiterating the said false and fraudulent representations, made certain additional false representations and induced the plaintiff thereby to enter into a further and additional subsidiary contract under which the plaintiff agreed to pay to the defendant the sum of $960 for two additional flash displays upon the said sign, such sum to be paid in installments, the payment thereof to begin upon the completion of the sign.

It is then alleged that all four of the contracts hereinbefore recited constituted a continual transaction and related to the same subject-

matter, to wit, the right of the plaintiff to have flash display announcements of its wares upon the sign to be erected as aforesaid by the defendant; that thereafter and subsequent to May 9, 1913, the aforesaid sign began to be operated by the defendant; that the sign as operated did not comply with the representations; that the defendant has threatened to bring separate actions for the recovery of the installments on each of the said contracts; and the plaintiff asks that the four contracts be declared void.

The first question presented is whether this complaint alleges four separate causes of action, or whether it alleges one cause of action, the determination of which in favor of the plaintiff will annul the four separate contracts set forth in the complaint and relieve the plaintiff of liability thereon.

This action is not brought to recover damages for fraud. The complaint asks no damages. The relief demanded is purely equitable in its nature—asking the court to exercise its power to annul obligations which the plaintiff has entered into with the defendant and which, if not annulled, will result in a multiplicity of actions. The contracts sought to be annulled relate to the same subject-matter, it being alleged that each of the three later contracts were subsidiary to the original contract, and that each of the four contracts was induced by the same fraudulent representations. The evidence upon which the plaintiff must rely to obtain a judgment naturally relates to the validity of each of the four contracts. It is one continuing misrepresentation of material facts upon which the defendant induced the plaintiff to execute the four contracts, and, while it is alleged that they were additional representations made to induce the plaintiff to make the three later contracts, they are all so connected together that the question as to whether or not any one of the contracts should be declared void would really require proof as to all the representations that were made and the acts of the defendant in inducing the plaintiff to make the contracts. Suppose the action were solely to have the fourth contract declared void. Would not all the false and fraudulent representations have to be proved involving the relations between the plaintiff and the defendant from the beginning? In such an action, I do not see how they could be separated and each one separately tried. The judgment that the plaintiff really demands is that the arrangement by which it was to pay considerable sums of money to the defendant for furnishing these flash advertisements should be declared void as induced by fraud; and whether that relation was represented by one contract or four contracts seems to me to be immaterial, except as to the extent of the relief to which the plaintiff will be entitled. Of course, the question would present an entirely different aspect if the contracts related to a different subject-matter or affected different premises. Here, however, all the contracts relate to the same premises; all refer to the same advertising scheme; and all the contracts subsequent to the first merely extend the amount of service that the defendant was to render to the plaintiff, and imposed upon the plaintiff the payment of additional sums of money. It seems to me therefore that there is substantially but a single cause of action, which

cannot be properly tried if split up into four independent causes of action, or if it is the subject of four independent actions.

The power of a court of equity to deal with a situation of this kind is not disputed. It is not confined, as a court of law is, to simply awarding a judgment for money or the possession of property, but can adapt its decree to the necessities of each particular case. In a case such as this, it could declare void such of the contracts as have been induced by fraud, but refuse to grant relief as to such of the contracts as were made in good faith. It can also impose such conditions upon the parties as may be necessary to do equity or to protect either party in any rights which they possess and which may develop on the trial. It seems to me, however, that it would be impossible to make a proper decree in relation to the four contracts involved in this case if four separate actions were commenced to enforce the respective rights of the parties as they may develop upon the trial; and, if four separate actions could not be maintained to obtain this separate relief, of course it cannot be said that the complaint alleges four separate causes of action. Here, the three later contracts were in effect a modification of and extension to the original contract; and, if that is void, it follows as a matter of course that the subsequent contracts are void, as they were induced by the same false and fraudulent representations. I think it perfectly proper for the plaintiff, under such circumstances, merely wishing as it does to have the contracts annulled, to allege them all in one cause of action and ask the court for a decree relieving it from responsibility thereunder. Whether or not the complaint would be subject to demurrer is not material. The court by granting this order has necessarily assumed that four distinct causes of action are alleged in the complaint; and certainly the order could not be sustained on the ground that one or more of these causes of action were subject to the objection that they did not state facts sufficient to constitute a cause of action.

[2] The order appealed from also strikes out a portion of the third clause of the complaint, which in effect alleges a definition of what was known as a flash-light sign. The effect of this allegation is merely to state the meaning of what is described as a flash-light sign, to show what it was that the defendant undertook to furnish, and I think it was competent and proper so to allege it. We wish again to call attention to the fact that the appellant in preparing this record, failed to comply with the general rules of practice which require that the portion of a complaint to which such a motion is directed must be printed in italics, or some other method adopted to indicate it.

I think therefore that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

CLARKE and HOTCHKISS, JJ., concur. SCOTT and DOWLING, JJ., dissent.